[Cite as *In re A.H.*, 2018-Ohio-1042.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: A.H.
      S.C.

C.A. No.     28881

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN-16-11-961
                 DN-16-11-962

DECISION AND JOURNAL ENTRY

Dated: March 21, 2018

SCHAFER, Presiding Judge.

{¶1} Appellant, H.C. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to two of her minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Mother is the biological mother of A.H., born July 21, 2005; and S.C., born September 6, 2008. Their father did not appeal from the trial court's judgment. Mother's youngest child is not a party to this appeal.

{¶3} During November 2016, A.H. and S.C. were removed from Mother's custody pursuant to Juv.R. 6 after A.H. called 911 because Mother had overdosed on prescription pain pills and was unconscious when emergency personnel arrived. Mother was transported to a local hospital, medically stabilized, and then admitted to the psychiatric ward.

{¶4} CSB filed complaints and the children were later adjudicated neglected and dependent. The children were placed in the temporary custody of CSB and the case plan was adopted as an order of the court. Because Mother had a long history of drug abuse and serious mental health problems, the primary case plan goals were that she obtain assessments and engage in recommended treatment to remedy those problems.

{¶5} Although Mother eventually obtained appropriate mental health and substance abuse assessments, she did not follow through with regular counseling, drug testing, or psychiatric medication management. Mother continued to abuse drugs, suffer from unstable mental health, and failed to regularly visit the children.

{¶6} On July 20, 2017, CSB moved for permanent custody of both children. It alleged, among other grounds, that Mother had failed to substantially remedy the conditions that caused the children to be placed outside the home and that permanent custody was in their best interest. Following a hearing on the motion, the trial court terminated Mother's parental rights and placed A.H. and S.C. in the permanent custody of CSB. Mother appeals and raises one assignment of error.

I.

**ASSIGNMENT OF ERROR**

**The trial court's decision to grant CSB's motion for permanent custody is not supported by clear and convincing evidence and is against the manifest weight of the evidence.**

{¶7} Mother's sole assignment of error is that the trial court's decision is not supported by the evidence in the record. Before a juvenile court may terminate parental rights and award permanent custody of children to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the children are abandoned;

orphaned; have been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; they or another child in a parent's custody have been adjudicated abused, neglected, or dependent on three separate occasions; or they cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the children, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

{¶8} The trial court found that CSB had satisfied the first prong of the permanent custody test because the children could not be placed with Mother within a reasonable time or should not be placed with her because she had failed to substantially remedy the conditions that caused the children to be removed from her custody and remain placed outside the home. *See* R.C. 2151.414(E)(1). That finding was supported by clear and convincing evidence.

{¶9} The children were removed from Mother's custody after she attempted suicide by overdosing on prescription pain medication. She spent three days in the hospital but did not comply with her discharge instructions to follow up with ongoing counseling and medication management. Mother later agreed to the requirements of the case plan and continually told the caseworker that she would engage in ongoing treatment for her mental health and substance abuse problems, but she did not.

{¶10} Less than four months after this case began, Mother was again taken by paramedics for involuntary psychiatric treatment after she informed her sister that she had attempted suicide by taking an overdose of an over-the-counter medication. Upon her admission to the emergency department, hospital personnel noted that Mother was hysterical, "out of control" and was exhibiting combative behavior by "[hitting, kicking, and punching[,]" so she

was put in restraints and given an antipsychotic medication. Mother was referred to follow-up outpatient psychiatric treatment but did not follow through with ongoing treatment.

{¶11} Although Mother points to evidence that she attempted to comply with the case plan, her compliance was minimal. Mother eventually obtained a substance abuse assessment, but she did not comply with the recommendation that she engage in drug treatment or testing. The counselor who evaluated her observed that, although Mother admitted to a 20-year history of opioid, sedative, and marijuana use, she failed to understand the severity of her drug problem. Mother had started drug treatment at the same facility three times in the past, but she never completed a treatment program.

{¶12} Throughout this case, Mother failed to engage in drug treatment or submit to regular drug testing. When she did provide samples for drug testing, they often tested positive for opiates. She made no progress toward stabilizing her mental health, but instead also continued to exhibit irrational and self-harming behavior. The evidence before the trial court overwhelmingly supported its conclusion that Mother had failed to substantially remedy the conditions that caused her children to be removed and remain placed outside her home.

{¶13} Next, Mother challenges the trial court's finding that permanent custody was in the best interest of the children. When determining the children's best interest under R.C. 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the children, their wishes, the custodial history of the children, and their need for permanence in their lives. *See In re R.G.*, 9th Dist. Summit Nos. 24834, 24850, 2009-Ohio-6284, ¶ 11.

{¶14} Mother's ability to interact with her children was limited to supervised visits because she did not work on the requirements of the case plan. Moreover, despite having the

opportunity to see her children regularly, Mother did not attend visits on a regular basis. At one point during the case, Mother missed visits for a consecutive 9-week period. Her failure to regularly visit or work on the goals of the case plan disappointed and "upset" both children, who were nine and twelve years old and old enough to have some understanding of the situation. The caseworker described the children's current relationship with Mother as "strained."

{¶15} The children had a positive relationship with the foster family, however, and they had adjusted well to that home. They regularly attended school and were involved in many activities, unlike when they lived with Mother. The foster parents were also interested in adopting them.

{¶16} The wishes of A.H. and S.C. were reported by the guardian ad litem, who had been working with them for several months. The children told her that they were happy in the foster home and that they wanted to be adopted by the foster parents. The younger child had told her that he was "done" with Mother because she was not regularly visiting or working toward reunification. The older child told the guardian ad litem that the foster parents had done more for them than Mother ever did.

{¶17} The custodial history of the children before this case began was not detailed in the record. Apparently, they resided with Mother, who had suffered from untreated mental health and drug problems for several years. CSB had received referrals about the family before, but there was no evidence of any prior cases or removals.

{¶18} During this case, the children had lived outside Mother's custody for almost one year by the time of the hearing. Mother had made no meaningful progress on the case plan during that time, but the children were flourishing in the foster home. They were in need of a legally secure permanent placement. Mother could not provide them with a stable home and

CSB had been unable to find any relatives who could do so. The trial court reasonably concluded that a legally secure permanent home would be achieved by placing the children in the permanent custody of CSB. Mother's assignment of error is overruled.

## III.

{¶19} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JACLYN PALUMBO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.